IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALLEN K. B.,[1]

    Plaintiff,

v.                                              Case No. 1:24-cv-00102-MLG-LF

MARTIN O'MALLEY,[2]
Commissioner of Social Security,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum (Doc. 12), filed on April 29, 2024, and the Commissioner's Opposed Motion to Remand for Further Administrative Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g) (Doc. 18), which was fully briefed on August 8, 2024. *See* Docs. 18–20. Plaintiff filed the Motion to Reverse and Remand (Doc. 12) seeking an immediate award of benefits or, in the alternative, a rehearing. Doc. 12 at 1. Rather than responding to Plaintiff's motion, the Commissioner filed his own motion to remand for further administrative proceedings (not an immediate award of benefits), to which Plaintiff responded in opposition. Docs. 18, 19. Judge Garcia referred this matter to me for proposed findings and a recommended

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

[2] On December 20, 2023, Martin O'Malley was sworn in as Commissioner of Social Security. Consequently, Mr. O'Malley has been "automatically substituted as a party." FED. R. CIV. P. 25(d). Furthermore, because "[l]ater proceedings should be in [his] name," the Court has changed the caption of this case accordingly. *Id.*; *see also* 42 U.S.C. § 405(g) (stating that such an action "survive[s] notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office").

disposition. Doc. 22. Having meticulously reviewed the entire record and being fully advised in the premises, I find—and the parties agree—that the Administrative Law Judge ("ALJ") failed to apply the correct legal standards. I therefore recommend that the Court GRANT IN PART AND DENY IN PART the Commissioner's motion (Doc. 18) and remand this case to the Commissioner for an immediate award of benefits. By necessity, this outcome also involves GRANTING Plaintiff's motion for an immediate award of benefits (Doc. 12), although I will primarily cite to the Commissioner's motion in discussing the parties' positions because that is the motion upon which briefing was completed.

## I.    Legal Standard

The decision of whether to award benefits outright is reserved to the district court's sound discretion. *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006). Considerations relevant to this decision include "the length of time the matter has been pending" and whether "remand for additional fact-finding would serve [any] useful purpose." *Id.* The Commissioner "is not entitled to adjudicate a case ad infinitum until [he] correctly applies the proper legal standard and gathers evidence to support [his] conclusion." *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F.3d 739, 746 (10th Cir. 1993) (internal quotation marks omitted). Age is not the sole dispositive factor, however. For example, the Tenth Circuit has granted benefits outright in some cases lasting longer than five years, *Salazar*, 468 F.3d at 626, and six years, *Huffman v. Astrue*, 290 F. App'x 87, 89–90 (10th Cir. 2008), but has denied a request for an immediate award of benefits and remanded for further proceedings in a case that had been pending "nearly ten years," *Winick v. Colvin*, 674 F. App'x 816, 823 (10th Cir. 2017).

## II. Background and Procedural History

Plaintiff was born in 1981 and lives in Farmington, New Mexico, with his girlfriend and children. AR 128, 482, 508.[3] Plaintiff has worked as an automotive mechanic. AR 400. Plaintiff first filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits on March 29, 2016, alleging disability since August 7, 2014, due to degenerative and discogenic back disorders and other and unspecified arthropathies. AR 128–29, 433. The Social Security Administration ("SSA") denied his claim initially and on reconsideration. AR 239, 243, 251, 255. Plaintiff requested a hearing before an ALJ. AR 259. On August 22, 2018, ALJ Raul Pardo held a hearing. AR 73–103. ALJ Pardo issued his unfavorable decision on September 17, 2018. AR 212–29.

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2015. AR 217. At step one, the ALJ found that Plaintiff had not engaged in substantial, gainful activity since August 7, 2014, his alleged onset date. *Id*. At step two, the ALJ found that Plaintiff's lumbar degenerative disc disease, left shoulder injury, depression, anxiety, and posttraumatic stress disorder ("PTSD") were severe impairments. *Id*. At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. AR 218. Because the ALJ found that none of the impairments met a Listing, the ALJ assessed Plaintiff's RFC. AR 220. The ALJ found Plaintiff had the RFC to perform

> less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). Specifically, the claimant is able to lift and/or carry up to 20 pounds occasionally; 10 pounds frequently; sit for six hours per eight-hour workday; stand and/or walk for six hours per eight-hour workday; and push and/or pull as

---

[3] Document 11 is the sealed Administrative Record ("AR"). When citing to the record, the Court cites to the AR's internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

> much as he is able to lift and/or carry.  He can reach laterally and handle frequently on the left.  He can climb ramps and stairs occasionally; can never climb ladders, ropes, or scaffolds; and can occasionally balance and stoop.  The claimant is limited to simple routine work tasks that involve only occasional contact with co-workers and the public.

*Id.*  At step four, the ALJ concluded that Plaintiff was not capable of performing his past relevant work as a mechanic.  AR 228.  At step five, the ALJ found that Plaintiff was able to perform work that existed in sufficient numbers in the national economy, including a cutter/stripper or garment sorter.  AR 229.  The ALJ thus found Plaintiff not disabled at step five.  *Id*.

Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision.  AR 337.  On April 22, 2019, the Appeals Council remanded the case due to confusion about which doctor's opinion the ALJ considered.  AR 208.

Accordingly, on January 30, 2020, ALJ Jennifer Fellabaum held a hearing.  AR 40–71.  ALJ Fellabaum issued her partially favorable decision on March 6, 2020, finding Plaintiff disabled beginning January 16, 2016.  AR 1238–59.

ALJ Fellabaum found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2015.  AR 1244.  At step one, ALJ Fellabaum found that Plaintiff had not engaged in substantial, gainful activity since August 7, 2014, his alleged onset date.  *Id*.  At step two, ALJ Fellabaum found that Plaintiff's degenerative disc disease, left shoulder labral tear, depression, anxiety, and somatic symptoms disorder were severe impairments.  AR 1245.  At step three, ALJ Fellabaum found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing.  *Id*.  Because ALJ Fellabaum found that none of the impairments met a Listing, she assessed Plaintiff's RFC.  AR 1249.  ALJ Fellabaum found that prior to January 16, 2016, Plaintiff had the RFC to perform

> light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant could occasionally, [sic] balance, stoop, crouch, crawl and climb ramps and stairs.

> Moreover, the claimant could never climb ladders, ropes or scaffolds, or be exposed to unprotected heights, hazardous machinery or concentrated exposure to extreme cold. The claimant could occasionally reach overheard [sic] with his left non-dominant upper extremity. The claimant could occasionally push and pull at the light exertional level with the left non-dominant upper extremity. Furthermore, the claimant could perform at a specific vocational preparation (SVP) of one or two with no fast-paced production work. Finally, the claimant could occasionally interact with co-workers, supervisors and the general public and tolerate occasional changes to the work setting.

*Id.* ALJ Fellabaum found that beginning on January 16, 2016,

> the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can occasionally balance, stoop, crouch, kneel, crawl, and climb ramps and stairs. The claimant can never climb ladders, ropes or scaffolds, or be exposed to unprotected heights, hazardous machinery, or concentrated exposure to extreme cold. The claimant can occasionally reach overhead with the left non-dominant upper extremity. The claimant can occasionally push and pull at the sedentary exertional level with the left non-dominant upper extremity. The claimant can perform SVP 1 or 2 level work, with no fast[-]paced production work. Further, the work should be performed in the same location every day. Finally, the claimant can have occasional interaction with co-workers and supervisors, but rare interaction with the general public, defined as less than 10% of the workday.

AR 1252.

At step four, the ALJ concluded that Plaintiff was not capable of performing his past relevant work as a mechanic. AR 1256. At step five, the ALJ found that prior to January 16, 2016, Plaintiff was able to perform work that existed in sufficient numbers in the national economy, including a collator operator, injection molding machine tender, or marker. AR 1257–58. However, she also found that beginning on January 16, 2016, there were no jobs that existed in significant numbers in the national economy that Plaintiff could perform. AR 1258. At step five, the ALJ thus found Plaintiff not disabled prior to January 16, 2016, but disabled on and after that date continuing through the date of the decision. AR 1259.

Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. AR 1298–1300. On February 2, 2021, the Appeals Council denied his request for review. AR 1269.

5

On March 30, 2021, Plaintiff filed his first complaint in this Court. AR 1274–77. On May 31, 2022, Magistrate Judge Kirtan Khalsa remanded the case because the ALJ failed to properly consider his treating physician's medical opinions when assessing Plaintiff's RFC for the period between Plaintiff's alleged onset date and the date on which the ALJ found him to be disabled. AR 1278–92.

On September 5, 2023, Plaintiff appeared once again before ALJ Fellabaum. AR 1210. On November 8, 2023, ALJ Fellabaum again issued a partially favorable decision finding Plaintiff disabled as of the same date as she previously found, January 16, 2016. AR 1179–97. She found that, from the alleged onset date of August 7, 2014, Plaintiff had severe impairments including degenerative disc disease, left shoulder labral tear, depression, anxiety, and a somatic symptom disorder.[4] AR 1185. This time, she found his RFC before January 16, 2016, to include

> light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he could occasionally balance, stoop, crouch, kneel, crawl, and climb ramps and stairs. He could never climb ladders, ropes or scaffolds, or be exposed to unprotected heights, hazardous machinery, or concentrated exposure to extreme cold. He could occasionally reach overhead and frequently reach in other directions with the left non-dominant upper extremity. He could occasionally push and pull at the light exertional level with the left non-dominant upper extremity. He could perform simple routine tasks, with no fast-paced assembly line work. He could make simple work decisions. He could occasionally interact with co-workers and supervisors with no team or tandem tasks. He could rarely interact with the general public, defined as less than 10% of the workday, and with no customer service work. The work should be performed in the same location every day.

AR 1186. She found that he could perform work that existed in sufficient numbers in the national economy, including as a coin machine collector, marker, and routing clerk. AR 1195.

---

[4] She found different severe impairments, including a cognitive disorder and a psychotic disorder, beginning on January 16, 2016. AR 1185. However, because Plaintiff challenges her findings only from August 7, 2014, to January 15, 2016, the Court does not address the post-January 15, 2016, findings.

Plaintiff timely filed his appeal to this Court on February 1, 2024. Doc. 1.[5]

### III.   Analysis

Plaintiff raises four main arguments for reversing and remanding this case[6] and seeks an immediate award of benefits. He argues that 1) ALJ Fellabaum did not consider Dr. Thompson's opinion pursuant to the district court's mandate, 2) ALJ Fellabaum did not weigh properly Dr. Thompson's opinion based on her role as treating physician, 3) ALJ Fellabaum did not weigh Dr. Brown's opinion as a non-examining consultant, and 4) ALJ Fellabaum did not weigh properly Dr. Koewler's opinion as a consultative examiner. Doc. 12 at 1–2. Based on these errors, and because Plaintiff already has testified at three separate hearings, Plaintiff seeks remand for an immediate award of benefits rather than remand for a rehearing. *Id.* at 23–26. "The Commissioner agrees that this case should be remanded for further evaluation and explanation of Plaintiff's RFC, including further consideration of treating physician Dr. Thompson's medical opinions as instructed in the court's May 2022 remand order," Doc. 18 at 5, but does not agree that an immediate award of benefits is warranted, *id.* at 3. The dispute therefore is not about the faults Plaintiff finds in ALJ Fellabaum's analysis, but about what should be done. For the reasons below, I recommend an outright award of benefits.

---

[5] A claimant has 60 days to file an appeal. The 60 days begins running five days after the decision is mailed. 20 C.F.R. § 404.981; *see also* AR 2.

[6] The Commissioner seeks to remand the case as a whole, not only the unfavorable portion of the ruling, even though the only disputed portion of the ruling is the unfavorable part. Doc. 18 at 8. The parties agree that the Commissioner holds the power to reopen the entire case if the conditions set forth in 20 C.F.R. §§ 404.988 and/or 416.1488 are satisfied. Doc. 18 at 8–9; Doc. 19 at 9. These conditions largely pertain to fraud or individuals who may have died. While the favorable portion of the ALJ's opinion is not before the Appeals Council in a voluntarily remanded case, the entire decision is subject to reopening if the conditions set forth in 20 C.F.R. §§ 404.988 and/or 416.1488 are satisfied.

The Tenth Circuit directs courts to consider two factors in determining whether an immediate award of benefits is appropriate: 1) how long the case has been pending and 2) whether additional factfinding would be of any use or would merely delay the receipt of benefits. *Salazar*, 468 F.3d at 626. The Commissioner also argues that for an immediate award of benefits, the record must demonstrate that the plaintiff is entitled to benefits, Doc. 34 at 4, despite the Tenth Circuit's clear warning that the Commissioner "is not entitled to adjudicate a case *ad infinitum* until [he] correctly applies the proper legal standard and gathers evidence to support [his] conclusion." *Sisco*, 10 F.3d at 746 (internal quotation marks omitted). Like at least two of my colleagues, I reject the Commissioner's view. *See Samadi v. Kijakazi*, No. 1:21-cv-00314-JFR, 2022 WL 2286834, at *5 (D.N.M. June 24, 2022); *Mendoza-Martinez v. Kijakazi*, No. 1:20-cv-00310-SMV, 2021 WL 5207074, at *9 (D.N.M. Nov. 9, 2021). The Court has discretion to remand either for further administrative proceedings or an immediate award of benefits, even if the plaintiff has not established as a matter of law that he is entitled to benefits. *See Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993).

In determining whether to exercise its discretion to order an immediate award of benefits, the Court first considers the length of time this case has been pending. This case involves an alleged onset date of August 7, 2014, and an initial application for benefits on March 29, 2016—over eight and a half years ago. AR 128–29. The Tenth Circuit has granted immediate awards of benefits for cases that have been pending five or six years; thus, the history of this case is sufficiently lengthy to justify an award of benefits outright. *See Huffman*, 290 F. App'x at 89–90.

The Court next considers whether further factfinding would be of any use. The Commissioner argues that "the record contains conflicting evidence regarding Plaintiff's

8

functioning that an ALJ should assess in the first instance." Doc. 18 at 5–6. At this stage of the litigation, the evidence in the record is complete. The period under consideration is from August 7, 2014, to January 16, 2016—essentially, a discrete seventeen-month span beginning over a decade ago. New information about Plaintiff's heath during this period is unlikely to arise, especially given that three hearings have been held. When this Court considered another plaintiff who had undergone three hearings on the same facts, it declined to recommend requiring the plaintiff to undergo a fourth hearing. *Donna F. P. v. O'Malley*, Case No. 1:23-cv-00422-JB-LF, 2024 WL 3725633, at *4 (D.N.M. July 15, 2024) (citing *Jaramillo v. Colvin*, 184 F. Supp. 3d 1086, 1096 (D.N.M. 2015), and *Maldonado v. Kijakazi*, No. 1:22-cv-00554-DLM, 2023 WL 4235637, at *4–5 (D.N.M. June 28, 2023)).

In *Donna F. P.*, the Court examined the ALJ's failure to properly evaluate the opinion of a physician despite explicit instructions to do so on remand. Here, too, the Court will consider ALJ Fellabaum's actions in light of the instructions she received on remand. Judge Khalsa remanded the case because ALJ Fellabaum "failed to properly consider the medical opinions of [Plaintiff's] treating physician, Dr. Carletta Thompson" in assessing Plaintiff's RFC before January 16, 2016. AR 1284–85. Specifically, Judge Khalsa observed that "the ALJ misread Dr. Thompson's handwritten date on this opinion and understood it as 'the December 16, 2019 opinion of Dr. Thompson'" when it actually was issued in December 2014. AR 1296; *see also* AR 1288 n.10.

The record shows that Dr. Thompson issued an opinion on December 16, 2014, and she based the assessment on Plaintiff's medical history "from 2011 to current examination." AR 1285 (citing report that appears in the present record as AR 1159, emphasis in original). That renders the opinion relevant to the disputed period from August 7, 2014, to January 15, 2016,

9

because it covers four months *at the beginning* of that period. Yet, on remand, and after having this error pointed out to her, ALJ Fellabaum again cited to this opinion—filed as B22F in the record—as having been issued in December 2019. *See* AR 1189. She then gave the opinion "very little weight" with regard to the disputed period because "the opinion is three years *subsequent* to the first relevant period as issue" and purportedly was inconsistent with evidence about how Plaintiff functioned in December 2015, which suggests that "Dr. Thompson was assessing the claimant's function in 2019, not 2015 or prior." AR 1190 (emphasis added).

In short, ALJ Fellabaum repeated her mistake. Normally, the Court would be inclined to remand, as Judge Khalsa did, so that ALJ Fellabaum could fix this mistake and consider the opinion within the appropriate timeframe. But Judge Khalsa already identified the error and allowed ALJ Fellabaum a second chance to resolve it, and ALJ Fellabaum made the identical mistake again. The Court is not inclined to recommend a third try to address the same issue.

### IV.     Conclusion

For the reasons stated above, I find that the ALJ failed to apply the correct legal standards and that remand is appropriate. I therefore recommend granting the Commissioner's motion (Doc. 18) in part. I recommend denying it to the extent that the Commissioner opposes an immediate award of benefits. I recommend that the Court remand the case to the Commissioner for an immediate award of benefits. Similarly, I recommend granting Plaintiff's motion to remand for an immediate award of benefits (Doc. 12).

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. *Id.* In other words, if no objections are filed, no appellate review will be allowed.

_____
Laura Fashing
United States Magistrate Judge